UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOLUTIONS 30 EASTERN EUROPE, S.R.L.**, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>**MUDDY WATERS CAPITAL LLC**, *et al.*,<br><br>  Defendants. | Case No. 4:21-cv-02423-YGR<br><br>**ORDER GRANTING MOTION TO STRIKE AND DISMISS; ORDER GRANTING IN PART MOTION FOR BOND**<br><br>Dkt. Nos. 17 & 19 |

On July 30, 2021, defendants' Muddy Waters Capital LLC and Carson C. Block filed: (1) a Motion to Strike and Dismiss the First Amended Complaint[1] pursuant to Section 425.16 of the California Code of Civil Procedure; and (2) a Motion for Bond under California Code of Civil Procedure Section 1030. (Dkt. Nos. 17 & 19.) The motions came on regularly for hearing and were heard by the Court on January 11, 2022 by videoconference.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the Court **HEREBY ORDERS** that the motion to strike and dismiss is **GRANTED WITH LEAVE TO AMEND**.

For the reasons stated herein, the motion for a bond is **GRANTED IN PART**. "There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Id.* (citation omitted). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs." *Id.* (citation omitted).

---

[1] The Court notes that there is no "First Amended Complaint" in this action. Defendants' typographical error does not change the result.

1  Under California law, "[w]hen the plaintiff in an action . . . resides out of the state . . . the
2  defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff
3  to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the
4  action or special proceeding." Cal. Civ. Proc. Code § 1030(a). "The motion shall be made on the
5  grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a
6  reasonable possibility that the moving defendant will obtain judgment in the action or special
7  proceeding." Cal. Civ. Proc. Code § 1030(b). "The motion shall be accompanied by an affidavit
8  in support of the grounds for the motion," which "shall set forth the nature and amount of the costs
9  and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action
10 or special proceeding." *Id*.

To satisfy the requirements of section 1030, defendants must demonstrate a reasonable possibility of success on each of plaintiffs' claims. *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 6944415, at *2 (S.D. Cal. May 12, 2017). "[I]f Defendants do not show a reasonable possibility of defeating even one of Plaintiff's claims, the Court must deny the motion." *Id*. Section 1030(b)'s "reasonable possibility" standard "is relatively low." *Wilson & Haubert, PLLC v. Yahoo! Inc.*, No. C-13-5879 EMC, 2014 WL 1351210, at *3 (N.D. Cal. Apr. 4, 2014). However, the standard "is not so low as to be non-existent." *Id*. District courts should not "read section 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail." *Id*.; *accord Bladeroom Grp. Ltd. v. Facebook*, Inc., No. 5:15-CV-01370-EJD, 2018 WL 1989530, at *1 (N.D. Cal. Jan. 4, 2018).

To determine whether imposition of a cost bond is appropriate under section 1030, courts in the Ninth Circuit consider the following factors: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet*, 37 F.3d at 576 (citations omitted). Courts may also consider the absence of attachable property within the district, the conduct of the parties, and the plaintiff's ability to post the bond.

United States District Court
Northern District of California

1  *Id*. "While it is neither unjust nor unreasonable to expect a suitor 'to put his money where his mouth is,' toll-booths cannot be placed across the courthouse doors in a haphazard fashion." *Id*. (internal citation omitted).

As analyzed here, it is undisputed that two plaintiffs are foreign businesses, and that the remaining plaintiff is a foreign citizen residing out-of-state. It is also undisputed that the plaintiffs have no attachable assets in the United States.

For the reasons stated on the record, defendants have a reasonable possibility of defeating each of plaintiffs' claims. Indeed, this Court has already granted the motion to strike under the anti-SLAAP statute. It is unclear whether amendment will cure all of the deficiencies identified on the record and to the extent the motion is based upon the same activity, they will likely be subject to the anti-SLAAP statute again. Defendants that prevail on anti-SLAPP motions are entitled to attorneys' fees.

With respect to the amount of bond sought, defendants initially requested $600,000 to cover projected fees and costs to litigate the anti-SLAPP motion, including fees associated with discovery and appeal should the case proceed past the pleadings. In deciding whether to order a bond, courts must consider the "reasonable extent of the security to be posted" from both parties' perspectives. *Simulnet*, 37 F.3d at 576. Courts must be careful not to "deprive a plaintiff of access to the federal courts" by forcing them to post an excessive bond. *Id*. at 575-76.

Notably, defendants' motion concedes that the time expended on an anti-SLAPP motion will vary and highlights cases where fee awards were awarded below the amount they seek as a bond here. As discussed on the record, the vague and conclusory assertions presented in the motion were insufficient for the court to determine the reasonableness of the $600,000 amount. *See, e.g.*, *Donshen Textile (Holdings) Ltd. v. Rabinowitz*, No. CV 13-09030 SJO (SHx), 2014 U.S. Dist. LEXIS 198260, at *7 (C.D. Cal. May 5, 2014) (collecting cases and holding that defendants "vague justification, without more, is insufficient to allow the Court to determine the reasonableness of this amount"); *Hammett v. Sherman*, No.: 19-CV-605 JLS (AHG), 2020 U.S. Dist. LEXIS 49793, *71 (S.D. Cal. Mar. 23, 2020) (finding that cursory statements in an attorney declaration were insufficient to support the request for a bond without more).

3

However, in light of argument presented and declaration supporting the fee amounts, the Court finds that a $100,000 bond would be reasonable in light of the circumstances of this case and would not serve as a tollbooth for plaintiffs to further pursue their claims. Plaintiffs have represented that they "are neither near any point of insolvency, nor depending on outside financing to keep their stable financial status." (Dkt. No. 28 at 5.) A $100,000 bond is also lower than all of the fee awards identified in defendants' motion where a defendant prevailed on an anti-SLAAP motion. (Dkt. No. 19 at 15-16.) Further, it strikes a balance in light of the posture of this case and any future litigation that may arise in connection with a renewed anti-SLAPP motion.

Based on the foregoing, the Court **GRANTS IN PART** defendants' motion for a bond and reduces the amount of the bond to $100,000.

## CONCLUSION

1. Defendants' motion to strike and dismiss is **GRANTED WITH LEAVE TO AMEND**. To the extent plaintiffs believe they should pursue this action, they shall file any amended complaint no later than February 1, 2022. Plaintiffs shall submit a redline of their amended complaint compared to the original by email to ygrpo@cand.uscourts.gov. Defendants' response to any amended complaint shall be filed no later than February 28, 2022.

2. If an amended complaint is not filed by February 1, 2022, the action shall be dismissed sua sponte.

3. Defendants' motion for bond is **GRANTED IN PART**. Under the circumstances of the case and based on the attorney declaration submitted, plaintiffs are **ORDERED** to post a bond in the amount of $100,000 within thirty (30) days of this Order.

This order terminates Docket Numbers 17 and 19.

**IT IS SO ORDERED.**

Dated: January 12, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**